Totten, J.
delivered the opinion of the court.
The case is an action of debt by the indorsee, against the acceptor of a bill of exchange. The bill was drawn by E. W. Nance, on the 4th November, 1845, for $1500,00, payable to his own order at thirty days date ; addressed to V. & L. G. Galloway, as drawees thereof; at the same date, it was accepted by the drawees, and indorsed to the plaintiff.
The bill, not being paid at maturity, was protested for nonpayment. The defendant demurred to the declaration, and the demurrer being sustained, the plaintiff has appealed in error to this court.
The question is, will the action of debt lie for the indorsee against the acceptor of a bill of exchange ?
It is certainly true, that assumpsit is the usual remedy in such case. The prevailing opinion in the English courts is, that assumpsit is the appropriate and exclusive remedy, and that debt will not lie for the payee or indorsee of a bill of exchange against the acceptor. In Com. Dig. Debt. B. it is said, “Debt does not lie upon a bill of exchange against the ac- *343 eeptor; for the acceptance binds him by the custom of merchants, but does not raise a duty. ” For this, an anonymous case, in Hardress, 485, is cited. The reasons assigned for the opinion in that case, are, first, that there is no privity between the indorsee and acceptor; second, that the engagement of the acceptor is in the nature of a collateral liability to pay the debt of another, that is, the debt of the drawer. This case has been generally followed in the English courts. Bishop vs. Young, 2. Bos. & Puller, 78. Powell vs. Ancell, 3. Man. & Gran. 178.
There is, perhaps, no action in the law, that has so extensive and varied application, as that of debt: where the right withheld is a money demand and a sum certain, whether it arise’ upon any legal liability, or upon a judgment or other record, or upon a bond or bill single, or upon simple contract, express or implied, debt is the appropriate remedy.
In Com. Dig. Debt. A, it is said, “ debt lies upon every express contract to pay a sum certain. So debt lies, though there be only an implied contract.” “So, if money be delivered to A. to be paid to B. debt lies by B. ”
Now, the theory of a bill of exchange is this; the drawer having funds in the hands of the drawee, assigns the same to the payee of the bill; if the drawee accept, it is an agreement on his part to pay the funds to the payee, or to such person as may become the holder of the bill. The acceptor is primarily and ultimately liable on the bill, to every other party, the indorsee, the payee, or the drawer; that is, he is regarded as the principal debtor, and the other parties as his sureties; that if he do not pay the bill at maturity, they will pay it for him. The same may be said of the maker of a note; the liability of the acceptor of a bill and the maker of a note, is, in this respect, the same. The liability of the drawer, or indorser of a bill, is collateral to that of the acceptor ; for he is the principal debtor, and they are bound *344 for his performance. Story on Bills, s. 13. Chitty on Bills, 31 and 568, margin.
It is true, that the consideration of the acceptor’s promise proceeds, immediately, from the drawer, but his promise is made directly to the payee, or other holder of the bill: the legal effect is, that the acceptor promises to pay the payee, if he be the holder, or the indorsee, if he be the holder. In no sense, is the undertaking of the acceptor, collateral to that of the drawer; on the contrary, the converse of this is true. He does not undertake to pay the debt of the drawer, but by his acceptance, he makes the debt his own as a principal debtor, and the drawer is only liable, in case of his failure to pay on demand, at the maturity of the bill.
Now, upon principle, it is difficult to see any reason, why the action of debt should not lie, in such case ; the acceptor being a principal debtor, liable upon an express and direct undertaking to pay a sum certain.
Mr. Chitty in his work on Bills, 672, margin, after referring to the English doctrine, on this subject, as stated in the case in Hardress, and in Bishop vs. Young, 2. Bos. & Pul. 83, proceeds (in note r.) to say; “ But perhaps the action of debt might now be sustainable by the payee, &c., against the acceptor, first, because, with respect to privity of contract, it has been holden, that if one deliver money to another to pay over to a third person, the cestui que use, may sustain an action of debt, against the bailee to recover it. Harris vs. De Berrion, Cro.Jac. 687. Wherwood vs. Shaw, Yelv. 23. And the acceptance of a bill, amounts to a promise, in law, to pay the amount of it to the person, in whose favor it is drawn. And, secondly, beoause an acceptance is not a collateral engagement, nor is it similar to a promise by A. to pay the debt of B., if B. do not, an argument which was adduced in support of the doctrine, but the acceptor is primarily liable.” We have seen, however, that a different rule prevails in the *345 English courts. But it is there held that the action of debt may be supported by the payee of a promissory note against the maker, or by the drawer against the acceptor of a bill and by the payee of a bill against the drawer, where these securities are expressed to be for value received- Chitty oh Bills, 672, margin.
In Walworth vs. Crawford, 10. Wend. R. 341, it was held that debt will lie by the indorsee against the maker of a promisory note. The court say that the money due upon the note to the original payee, is due. from the maker to the assignee or holder, and that in judgment of law there is privity of contract between the maker and indorsee or holder, by the terms of the note and the operation of the statute making promisory notes negotiable; it is to be paid to the payee or any person to whom it may be transferred. The court proceed to review the English doctrine, founded bn the supposed want of privity, and the collateral character of the undertaking and hold, that it is not tenable either upon principle or by analogy to other cases where, it is admitted that the action of debt will lie.
In Raborg vs. Peyton, 2. Wheat. R. 385, which was an action of debt, by the indorsee against the acceptor of a bill oí exchange, the English doctrine was reviewed and denied, in a learned opinion, by Mr. Story, and it was held, that the action will lie in such case, and in so holding, says Mr. Story, “ we apply the well-settled doctrine, that debt lies in every case, where the common law creates a duty for the payment of money, and in every case where there is an express contract for the payment of money.”
In Kirkman vs. Hamilton, 6. Peters R. 24, where the same question arises, Mr. Chief Justice Marshall observed: “The question was fully considered by this court, in the case of Raborg vs. Peyton, which was an action of debt, brought by the indorsee of a bill of exch ange, against the acceptor. The *346 case was reviewed, in the opinion then given, and the court decided clearly, that both on principle and authority, the action was maintainable.”
In Anderson vs. Crockett, 6. Yerg. R. 331, these cases are briefly referred to and approved; but we do not understand, that that case was decided alone upon their authority.
It is, however, the settled doctrine of this court, that debt and indebitatus assumpsit, are concurrent remedies in cases of simple contracts for the payment of money, either express or implied. Thompson vs. French, 10. Yerg. R. 453.
We are, therefore, of opinion, both upon principle and authority, that the action of debt by the indorsee, against the acceptor of a bill of exchange, may well be maintained.
The conclusion to which we have arrived in the present case is not in conflict with Tappan vs. Campbell, 9. Yerg. R. 449. Jones vs. Lowe, 4. Hum. R. 333. McGuire vs. Blanton, 5 Hum. R.361. Frierson vs. Reeves, 7. Hum. R.366, to which we have been referred. These cases decide that debt will not lie by an indorsee against the indorser of a note or bill, or upon a collateral undertaking to pay the debt of another. In the view we take of the case before us, it will readily be seen, that the cases cited, have no application to it.
Let the judgment be reversed.
The defendant, by counsel, moved the court to remand the cause to the circuit court, with leave to make defense to the merits of the action.
We are of opinion, that in the circumstances of this case, it should be remanded.
In a doubtful state of the authorities the defendant demurred to the form of the action, in the belief that it would not lie in the case ; the court was of that opinion, and sustained the demurrer; the plaintiff appealed to this court, and we have held that the action was well conceived, and that the court erred in sustaining the demurrer. Now the judgment *347 we render is, that which the circuit court should have render ed, and that is, that the demurrer be overruled. But in that case the defendant has the right, on cause shown by affidavit, to demand and plead to the merits.
This he cannot do in this court, and has had no opportunity of doing in the circuit court.
Now if we proceed further, and render a judgment final for the debt, it may do great injnstice to the rights of the defendant, as it takes away any right he may have to a just and conclusive defense to the merits of the action. If the demurrer had been overruled, and the defendant had appealed the judgment would have been final for the debt, damages and costs, in this court; because in that case, the defendant would have had an opportunity to make defense to the merits in the circuit court. No abuse can result from the rule of practice here stated, as the case cannot arise, except in a case where the judgment has been for defendant.
Let the case be remanded for further proceeding in the circuit court.